UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

CLAYTON CANGELOSI
Plaintiff

CIVIL ACTION NO. ___26-1661

SECTION: SECT.HMAG.4

JUDGE: _____
MAGISTRATE: _____

VERSUS
AETNA BETTER HEALTH INC. (LA),
doing business as Aetna Better Health of
Louisiana; and BRUCE D. GREENSTEIN, in
his official capacity as Secretary of the
Louisiana Department of Health
Defendants

VERIFIED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND

DAMAGES

## I. Nature of the Action

1. This is an emergency civil-rights action concerning Defendants' failure to furnish Medicaid medical assistance with reasonable promptness and their continued refusal to authorize medically necessary lumbar fusion surgery after Plaintiff completed the conservative treatments demanded of him.

2. Plaintiff is scheduled for an L5–S1 transforaminal lumbar interbody fusion ("TLIF") on August 6, 2026. His treating orthopedic surgeon, Amit Bhandutia, M.D., determined on June 17, 2026 that Plaintiff is a surgical candidate after physical therapy, medication, activity modification, and multiple spinal injections failed to provide significant relief.

3. Aetna issued a written Notice of Denial dated July 10, 2026, authorization number 260708414344. Plaintiff was informed that his surgeon participated in a peer-to-peer review, yet authorization remained denied. Aetna separately classified Plaintiff's July 10

1

objection as a grievance and stated that it would decide that grievance by October 8, 2026 - more than two months after the scheduled surgery.

## II. Parties

4. Plaintiff Clayton Cangelosi is an adult resident of Jefferson Parish, Louisiana, and is enrolled in Louisiana Medicaid through Aetna Better Health of Louisiana. His mailing address is 2357 Caddy Drive, Marrero, Louisiana 70072.

5. Defendant Aetna Better Health Inc. (LA), doing business as Aetna Better Health of Louisiana ("Aetna"), is a Louisiana Medicaid managed-care organization that makes authorization and coverage decisions under contract with LDH. Aetna's Louisiana business address is stated publicly as 2400 Veterans Memorial Boulevard, Suite 200, Kenner, Louisiana 70062.

6. Defendant Bruce D. Greenstein is Secretary of the Louisiana Department of Health ("LDH"), the single state agency responsible for administration of Louisiana Medicaid. He is sued only in his official capacity for prospective declaratory and injunctive relief. LDH's address is 628 North Fourth Street, Baton Rouge, Louisiana 70802.

## III. Jurisdiction and Venue

7. This Court has federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Plaintiff seeks relief under 42 U.S.C. § 1983 for violations of federal Medicaid law and the Fourteenth Amendment.

8. Declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202. Prospective relief against Secretary Greenstein is sought under Ex parte Young, 209 U.S. 123 (1908).

2

9. Venue is proper under 28 U.S.C. § 1391(b) because Plaintiff resides in this District, the surgery and treating providers are located in this District, and a substantial part of the events occurred here.

## Governing Constitutional and Statutory Provisions

9A. The Supremacy Clause, U.S. Const. art. VI, cl. 2, makes valid federal Medicaid requirements supreme over contrary state practices. Plaintiff does not plead the Supremacy Clause as a freestanding damages claim, but as the constitutional rule governing conflicting law.

9B. The Fourteenth Amendment prohibits a State from depriving a person of property without due process of law. The Due Process Clause applies to Medicaid benefit procedures conducted by LDH and, when the legal state-action test is satisfied, its delegated managed-care decisionmaker.

9C. Article I, § 2 of the Louisiana Constitution likewise provides that no person shall be deprived of life, liberty, or property except by due process of law. Louisiana Administrative Code title 50, part I, § 3709 requires adverse-benefit notices to explain appeal and expedited-review rights. These state authorities inform the process due, but Plaintiff recognizes that Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1984), generally bars a federal court from ordering a state official to comply solely with state law.

## IV. Facts

10. Plaintiff has chronic low-back pain with bilateral lower-extremity symptoms. His right-leg symptoms are substantially worse than his left-leg symptoms.

3

11. An MRI dated June 10, 2025 showed bilateral neural-foraminal narrowing at L5–S1. A CT dated November 6, 2025 showed grade-one anterolisthesis at L5–S1 secondary to a pars defect.

12. Plaintiff attended 10 aquatic physical-therapy visits between August 7 and October 14, 2024. At discharge, his therapist documented no meaningful subjective or objective improvement, severe continuing pain, and lack of progress. The therapist referred him back to his physician.

13. Plaintiff has also tried medical management, activity modification, a pars block, an epidural steroid injection, a facet block, and radiofrequency ablation. These measures did not provide significant lasting relief.

14. On June 17, 2026, Dr. Bhandutia documented continued low-back and bilateral leg pain, reviewed the failed treatment modalities, and concluded that Plaintiff is a candidate for L5–S1 TLIF. In a signed letter dated July 23, 2026, Dr. Bhandutia further confirmed that Plaintiff has grade-one L5–S1 isthmic spondylolisthesis; that physical therapy, medical management, activity modification, a pars block, an epidural steroid injection, and a facet block failed to provide significant relief; and that L5–S1 TLIF is medically necessary to decompress the affected nerve roots, restore disc height and spinal alignment, stabilize the involved motion segment, and improve pain and neurological function. A copy is attached as Exhibit 5.

15. Plaintiff consented to surgery after discussing material risks and alternatives with his surgeon. Surgery was scheduled for August 6, 2026.

16. Aetna received Dr. Bhandutia's prior-authorization request on July 8, 2026. The request sought TLIF coverage for August 6 through October 6, 2026. Aetna assigned authorization number 260708414344.

17. On July 10, 2026, Aetna denied authorization. It stated that it did not see: (a) medication and six weeks of physical therapy within the preceding year that failed; (b) imaging showing at least moderate canal or foraminal stenosis at the operative level; and (c) abnormal movement of the bones sufficient to justify fusion.

18. Aetna cited MCG 30th Edition S-820 Lumbar Fusion and Aetna Clinical Policy Bulletins 0743, 0016, and 0411. The denial did not identify the reviewing clinician.

19. The therapy discharge record shows 10 aquatic PT visits from August 7 through October 14, 2024. It expressly states that Plaintiff reported no improvement, showed no significant objective change, remained in elevated pain, and was discharged and referred back to his physician because of lack of progress.

20. Aetna's demand for another six-week course merely because the failed therapy was not within its preferred one-year window disregards the documented failure and the treating surgeon's individualized assessment. Plaintiff experienced substantial delay between PT discharge on October 14, 2024 and the MRI on June 10, 2025, and then additional delay obtaining specialty appointments at University Medical Center before the June 17, 2026 surgical recommendation. Based on his attempts to obtain care, University Medical Center is the only facility Plaintiff has been able to identify that accepts his Medicaid coverage for the requested surgery; he therefore cannot avoid the safety-net hospital's scheduling delays simply by choosing a private surgeon. Plaintiff states from personal knowledge that insurance authorization obstacles contributed to the MRI delay; he has requested the

5

corresponding notices and will supplement them. Requiring fresh PT after each authorization or appointment delay creates a circular moving target: by the time PT, imaging, follow-up, and another authorization request are completed, Aetna can again label the earlier treatment stale. Plaintiff alleges that repeating unsuccessful PT would delay care without reasonable medical benefit. Dr. Bhandutia's July 23, 2026 letter confirms that the prior non-operative modalities failed without significant relief and that surgical intervention is the appropriate standard of care.

21. The June 10, 2025 MRI was interpreted as showing mild-to-moderate bilateral neural-foraminal narrowing at L5–S1. The November 6, 2025 CT showed grade-one L5–S1 anterolisthesis secondary to a pars defect. Dr. Bhandutia diagnosed grade-one L5–S1 isthmic spondylolisthesis and determined that Plaintiff was a TLIF candidate. Plaintiff does not characterize "mild-to-moderate" as unambiguously "moderate"; he alleges that Aetna failed to reconcile the imaging and structural diagnosis with the treating surgeon's findings.

22. Plaintiff was informed that Dr. Bhandutia or his office participated in a peer-to-peer review, but Aetna maintained the denial. The exact date and written peer-to-peer record have been requested and will be supplemented when received.

23. Aetna received Plaintiff's grievance on July 10, 2026. Its July 13 acknowledgment summarized that Plaintiff objected to the surgery denial, but set October 8, 2026 as the decision deadline. That timetable cannot provide meaningful relief for surgery scheduled August 6.

24. The denial states that an expedited appeal will be decided within 72 hours when the treating doctor supports urgency. Plaintiff is submitting a formal expedited appeal with Dr. Bhandutia's signed July 23, 2026 medical-necessity letter attached.

6

25. Plaintiff experiences severe pain every day. The pain limits sitting, standing, walking, sleeping, personal care, household responsibilities, school preparation, and other ordinary activities. On some days, the pain is so severe that Plaintiff cannot get out of bed or complete necessary day-to-day tasks. Every additional day that medically necessary treatment is delayed subjects him to additional pain and loss of normal functioning. He is enrolled at Louisiana State University for the Fall 2026 semester and expects to begin coursework online later in August. Keeping the August 6 surgery date provides an initial recovery window before coursework begins; postponing surgery into the semester risks forcing Plaintiff to miss several weeks in the middle of classes. Plaintiff states this academic scheduling harm from personal knowledge and does not represent a guaranteed medical recovery date. Dr. Bhandutia's July 23, 2026 letter confirms Plaintiff's ongoing functional limitations and states that the medically necessary surgery is expected to provide meaningful improvement in pain, function, and overall quality of life.

26. Defendants' delay places Plaintiff's scheduled surgery at immediate risk of cancellation. Money damages after the fact cannot restore the scheduled surgical opportunity or prevent the additional pain and functional harm occurring before adjudication.

## V. Claims

### Count One — 42 U.S.C. § 1983: Medicaid Reasonable Promptness

27. Plaintiff incorporates paragraphs 1–26.

28. 42 U.S.C. § 1396a(a)(8) requires medical assistance to be furnished with reasonable promptness to eligible individuals. The Fifth Circuit held this provision enforceable under § 1983 in Romano v. Greenstein, 721 F.3d 373 (5th Cir. 2013).

29. Secretary Greenstein is responsible for ensuring that Louisiana Medicaid and its contracted managed-care organizations furnish covered assistance with reasonable promptness. Treating a time-sensitive objection only as a grievance due October 8, using accumulated authorization and appointment delays to treat previously failed care as stale, demanding duplicative PT without an individualized explanation, and failing to provide a workable decision before the scheduled surgery violate or threaten Plaintiff's federal right.

30. Aetna performs the delegated Medicaid utilization-review function under LDH's contract and regulatory control. To the extent Aetna acted under color of state law or jointly with LDH in the challenged decision, it is liable under § 1983. Plaintiff pleads this allegation based on presently available information and seeks discovery concerning LDH's participation, control, and approval.

**Count Two — 42 U.S.C. § 1983: Procedural Due Process**

31. Plaintiff incorporates paragraphs 1–30.

32. Plaintiff has a protected interest in Medicaid benefits for which he is eligible. Defendants may not deprive him of that interest without timely and meaningful notice and an opportunity to challenge the actual reasons and evidence supporting the decision.

33. By maintaining the denial after peer-to-peer review, failing to identify the reviewing clinician, and routing Plaintiff's time-sensitive objection into a grievance process ending after the surgery date instead of providing a meaningful expedited determination, Defendants have denied or threaten to deny constitutionally adequate process.

8

## VII. Principal Authorities

34. Romano v. Greenstein, 721 F.3d 373, 377–79 (5th Cir. 2013), held that 42 U.S.C. § 1396a(a)(8) creates an individual right enforceable under § 1983 and that exhaustion of Louisiana judicial-review procedures was not required for that federal claim.

35. Health & Hospital Corp. of Marion County v. Talevski, 599 U.S. 166 (2023), confirmed that Spending Clause legislation can create rights enforceable through § 1983 when Congress uses rights-creating language. Medina v. Planned Parenthood South Atlantic, 606 U.S. 357 (2025), later emphasized that such rights must be stated unambiguously. Plaintiff relies on Romano as controlling Fifth Circuit authority unless and until a court determines it has been abrogated.

36. Goldberg v. Kelly, 397 U.S. 254 (1970), recognizes that government benefits may constitute a protected entitlement and that due process requires a meaningful opportunity to be heard. Mathews v. Eldridge, 424 U.S. 319 (1976), directs courts to weigh the private interest, risk of erroneous deprivation, value of additional safeguards, and governmental burden.

37. Ex parte Young, 209 U.S. 123 (1908), permits prospective federal relief against a responsible state official for an ongoing violation of federal law. Edelman v. Jordan, 415 U.S. 651 (1974), limits retroactive monetary relief from the State, which is why Plaintiff seeks no official-capacity damages from Secretary Greenstein.

38. West v. Atkins, 487 U.S. 42 (1988), holds that a private party performing a function delegated by the State may act under color of state law in appropriate circumstances. Rendell-Baker v. Kohn, 457 U.S. 830 (1982), confirms that public funding and regulation alone are not enough. Plaintiff therefore pleads Aetna's state action based on its delegated

9

Medicaid authorization function and seeks discovery rather than relying merely on receipt of public funds.

39. Canal Authority of Florida v. Callaway, 489 F.2d 567, 572–73 (5th Cir. 1974), states the four preliminary-injunction elements: substantial likelihood of success, substantial threat of irreparable injury, balance of harms, and public interest.

40. Louisiana Constitution article I, § 2 and La. Admin. Code title 50, part I, § 3709 provide state due-process and managed-care notice protections. They are included as relevant Louisiana authority, subject to the federal limits stated in Pennhurst.

## VIII. Emergency and Permanent Relief Requested

41. Plaintiff requests a temporary restraining order and preliminary injunction requiring Defendants immediately to complete a 72-hour expedited, individualized review that considers the PT discharge, failed injections, MRI, CT, and Dr. Bhandutia's signed July 23, 2026 medical-necessity letter; prohibiting automatic reliance on duplicative PT without an individualized medical explanation; and requiring authorization and payment for the scheduled L5–S1 TLIF if no other lawful, adequately explained medical-necessity ground supports denial.

42. Plaintiff requests a prompt hearing before August 6, 2026, declaratory relief, permanent prospective relief, costs, and any other equitable relief the Court finds just.

43. Against Aetna and any later-identified defendant legally subject to monetary liability, Plaintiff requests compensatory damages for all legally recoverable injuries caused by the denial and delay, including the additional pain, loss of normal functioning, disruption of daily activities, educational harm, expenses, and other losses that continue to accrue each day medically necessary treatment is wrongfully withheld. Plaintiff asks that damages

account for every proven day of wrongful delay, in an amount established by evidence at trial, together with nominal damages where authorized and punitive damages only if the evidence and law permit. Plaintiff does not seek damages from Secretary Greenstein in his official capacity and does not allege that federal law automatically creates a fixed daily penalty.

**WHEREFORE, Plaintiff requests judgment granting the foregoing relief.**

## Verification Under 28 U.S.C. § 1746

I, Clayton Cangelosi, declare under penalty of perjury that I have read this Complaint and that the factual statements are true and correct based on my personal knowledge, except matters identified as based on presently available information, which I believe to be true. I understand that I must correct the record promptly if any material statement is inaccurate.

Executed on July 27, 2026, in Jefferson Parish, Louisiana.

Clayton Cangelosi, Plaintiff, Pro Se
2357 Caddy Drive
Marrero, Louisiana 70072
Telephone: 504-434-8614
Email: clay072078@gmail.com

11